**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SANTANDER CONSUMER, INC.,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. 3:26-cv-2610** |
| | § | |
| **CROWN DODGE, INC.,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |
| | § | |

**DEFENDANT CROWN DODGE, INC.'S NOTICE OF REMOVAL**

Under 28 U.S.C. §§ 1441 and 1446, Defendant, Crown Dodge, Inc., ("Defendant"), files its Notice of Removal to the United States District Court for the Northern District of Texas, on the basis of diversity jurisdiction, and respectfully shows the following:

## I. Procedural Background

1. On June 29, 2026, Plaintiff Santander Consumer, Inc. ("Plaintiff" or "Santander"), filed her Original Petition in a case styled *Santander Consumer, Inc. v. Crown Dodge, Inc*., pending in the 68th Judicial District Court of Dallas County, Texas. *See* Exhibit B-1, Plaintiff's Original Petition.

2. Plaintiff served Defendant with process on July 7, 2026. *See* Exhibit B-4

3. Defendants filed their Original Answer on August 6, 2026. *See* Exhibit B-5

4. Defendant hereby files this notice of removal within 30 days of being served with Plaintiff's Original Petition. *See* 28 U.S.C. § 1446(b). This Notice of Removal is being filed within one year of the commencement of this action. *Id.*

5. All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a).

6. Attached hereto are copies of the following documents:

- Exhibit A: Index of All Attached Documents;
- Exhibit B: Index of State Court Pleadings;
- Exhibit B-1: Plaintiff's Original Petition;
- Exhibit B-2: Plaintiff's State Civil Cover Sheet;
- Exhibit B-3: Issued Citation on Crown Dodge, Inc.
- Exhibit B-4: Return of Service of Citation on Crown Dodge, Inc.
- Exhibit B-5: Crown Dodge, Inc.'s General Denial
- Exhibit C: The state court's Docket Sheet; and
- Exhibit D: List of all Counsel of Record

## II. Procedural Background

7. Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1332(c)(1), 1441(a), and 1446.

### A. Jurisdiction based on Diversity

8. Plaintiff is a corporation organized under the laws of the state of Illinois with its principal place of business in Texas. Plaintiff therefore is a citizen of Illinois and Texas for purposes of federal diversity jurisdiction.

9. Defendant Crown Dodge, Inc. is a corporation organized under the laws of the state of California, having its principal place of business in California, as admitted in Plaintiff's Original Petition.

10. Defendant has not pleaded or alleged citizenship of any state other than California. Defendant is a citizen of California for the purposes of federal diversity jurisdiction.

11. Thus, this lawsuit is between citizens of different states, and there is complete

diversity of citizenship between Plaintiff and Defendant.

**B. The Amount in Controversy Satisfies Subject Matter Jurisdiction**

12. The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002). The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00 or (2) "by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

13. Plaintiff's Original Petition seeks monetary damages in excess of $1,000,000.00. *See* Ex. B-1, par. 1. Plaintiff affirmatively pleads that it seeks actual damages of $2,012,599.48." *See* Exhibit B-1, at ¶ 17. Thus, it is facially apparent from the petition that this matter exceeds the amount in controversy requirement set forth in 28 U.S.C. § 1332.

14. Defendant has shown by the preponderance of the evidence that Plaintiff's amount in controversy exceeds the minimal jurisdictional threshold at the time of removal.

**III. This Removal is Procedurally Correct**

15. On June 29, 2026, Plaintiff filed a lawsuit in Dallas County, Texas. *See* Ex. B-1. On July 7, 2026, served process on a registered agent for Defendant. *See* Ex. B-4.

16. Thus, Defendant files this Notice of Removal within the thirty-day period set forth in 28 U.S.C. § 1446(b).

17. Venue is proper in this District and Division under 28 U.S.C. § 1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District

and Division. *See* Exhibit B-1, at ¶¶ 8 – 9.

18. Under 28 U.S.C. § 1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

19. Promptly after Defendant filed this Notice of Removal, written notice of the filing will be given to Plaintiff under 28 U.S.C. § 1446(d).

20. Promptly after Defendant files this Notice of Removal, a true and correct copy of same will be filed with the Clerk of the Dallas County District Court under 28 U.S.C. § 1446(d).

21. Based upon the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Defendants hereby remove this case to this Court for trial and determination.

Respectfully submitted,

GORDON REES
SCULLY MANSUKHANI, LLP

By: */s/ Michael John Ramirez*
**MICHAEL JOHN RAMIREZ**
State Bar No. 00788238
MRamirez@grsm.com

2200 Ross Avenue, Suite 3700
Dallas, Texas 75201
Telephone: (214) 231-4660
Facsimile: (214) 461-4053

**ATTORNEYS FOR DEFENDANT CROWN DODGE INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 6, 2026, a copy of the above and foregoing instrument was electronically served on all parties and/or their counsel of record in accordance with the Texas Rules of Civil Procedure.

*/s/ Michael John Ramirez*
**MICHAEL JOHN RAMIREZ**