# EXHIBIT B-1

1 CIT/ ES

FILED
6/29/2026 6:47 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Gay Lane DEPUTY

DC-26-11914

**CAUSE NO. DC-26-_________________**

| | | |
|---|---|---|
| **SANTANDER CONSUMER USA, INC.,** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **CROWN DODGE, INC.** | § | |
| | § | 68th |
| | § | |
| **Defendant.** | § | **______ DISTRICT COURT** |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Santander Consumer USA Inc., ("Plaintiff" of "Santander") files its Original Petition against Defendant CROWN DODGE, INC. ("Defendant" or "Crown") and in support thereof respectfully shows the Court as follows:

## I. DISCOVERY CONTROL PLAN

1. Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, Plaintiff intends that discovery will be conducted in this lawsuit as described under Level 2 of Rule 190. Plaintiff seeks monetary damages in an amount in excess of $1,000,000.00 and any and all other relief to which it may be entitled.

## II. PARTIES

2. Plaintiff is a corporation in good standing organized under the laws of the state of Illinois with its principal place of business in Dallas County, Texas.

3. Defendant Crown is a non-resident corporation organized under the laws of the state of California with its principal place of business at 6300 King Street, Ventura, CA 93003. Defendant may be served by delivering a copy of the Petition and Citation via US First Class Mail,

Certified and Return Receipt Requested, RESTRICTED DELIVERY, to its registered agent, Mr. Daniel S. Wallis, at the registered agent's address of 6300 King Street, Ventura, CA 93003.

## III. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction because the matter in controversy exceeds this Court's minimum jurisdictional limits and personal jurisdiction because Defendant contracted with Texas-resident Plaintiff and the parties' activities in furtherance of their ongoing business relationship were performed in large part in Dallas County, Texas. Defendant has voluntarily and intentionally established a substantial and ongoing relationship with Plaintiff and the state of Texas and has purposefully availed itself of the protections of Texas law in invoking Texas law to govern the parties' contractual relationship. Defendant has sold numerous retail installment contracts to Plaintiff and has derived a substantial financial benefit from doing so. Defendant has established minimum contacts with Texas to expect that it could be haled into court in Texas over any dispute arising out of those contacts, and the exercise of personal jurisdiction over Defendant by Texas courts would neither violate Due Process considerations nor offend traditional notions of fair play and substantial justice.

5. Venue is proper in Dallas County, Texas under § 15.002(a)(1) of the Texas Civil Practice & Remedies Code in that all or a substantial part of the events or omissions giving rise to the claim occurred in Dallas County, Texas, and Dallas County is the place of Plaintiff's residence as provided by § 15.002(a)(4) of the Texas Civil Practice & Remedies Code.

## IV. FACTUAL BACKGROUND

6. Plaintiff is in the business of buying automobile retail installment sales contracts from automobile dealers such as Defendant.

7. Plaintiff entered into an agreement with Defendant called the Non-Recourse Master Dealer Agreement (the "Agreement") regarding the purchase of retail installment sales contracts.

8. Under the Agreement, Defendant may submit proposals to sell certain retail installment sales contracts to Plaintiff. As part of the proposal process, Defendant completes certain forms and/or makes certain representations to Plaintiff regarding, among other things, the customer's identity, the customer's credit, the customer's source and amount of income, the source and amount of down payment made by the customer, and the condition of the vehicle. Agreement at ¶10(I), (N), (P), and (Q). In addition, under ¶¶ 3 and 10(R) of the Agreement, Defendant warrants that it will file all necessary papers to provide Santander with a first-priority security interest for each vehicle which is the subject of a Contract assigned to Santander by Crown within 30 days of the date of the Contract and to provide documentary proof that such interest was properly and timely perfected.

9. Where Crown misrepresents the customer's identity, income, credit or otherwise fails to comply with its obligations under Paragraphs 3 or 10, Crown is required to repurchase the contract. Agreement at ¶ 13.

**10.** With respect to 26 contracts identified on Exhibit 1 (the "Unwind Contracts"), Crown misrepresented the identity and/or credit information of the customer or otherwise failed to comply with its obligations under Paragraph 10 of the Agreement as explained above.

**11.** For each contract, Crown may sell additional products and services ("APS") to the customer and include those products and the charges therefore in the contract. Agreement at ¶4. Where the contract is terminated early or the full premium for the APS is not otherwise earned Crown must reimburse the unearned premium to Santander for credit to the customer. *Id*. At ¶4(C).

**12.** For 18 contracts identified on Exhibit 2 (the "APS Contracts") Crown has failed to reimburse the unearned premium on early-terminated contracts.

## V. CAUSES OF ACTION

### A. Breach of Contract – Repurchase of the Unwind Contracts

13. Plaintiff and Crown have an Agreement with respect to the purchase of contracts by Plaintiff from Crown and, where applicable, the repurchase of such contracts by Crown. Plaintiff purchased the Unwind Contract based on representations and warranties by Crown regarding the identity and creditworthiness of the customers, that Crown would timely file all necessary papers to perfect Santander's first-priority security interest and to provide documentary proof that Crown had timely filed all necessary papers to perfect Santander's first-priority security interest. Because those representations failed and/or were false for each of the Unwind Contracts, Crown must repurchase the Unwind Contracts. The individual amounts due for each of the Unwind Contracts is identified on Exhibit 1 and total $2,007,995.50.

### B. Breach of Contract – Reimbursement of Premium on the APS Contracts

14. For the APS Contracts identified on Exhibit 2, Crown sold additional products and services on contracts that terminated early and/or for which the full financed premium was not otherwise earned. Santander has demanded that Crown reimburse the unearned premiums consistent with ¶4 of the Agreement but Crown has failed to do so. The individual amounts due for each APS contract are identified on Exhibit 2 and total $4,603.98.

15. Despite full performance under the contract by Santander and written demand for repurchase of the Unwind Contracts and reimbursement on the APS Contracts, Crown has failed to repurchase the Unwind Contracts or reimburse the unearned premiums on the APS Contracts, thereby breaching the Agreement.

16. Further, as a result of the breaches of the Agreement by Crown, it has been necessary for Plaintiff to employ the undersigned attorneys to enforce its rights. Plaintiff has agreed to pay the undersigned attorneys' reasonable and necessary fees and expenses in bringing this action and sues for payment of said attorneys' fees and expenses in accordance with Chapter 38 of the Texas Practice and Remedies Code and the express terms of the Agreement at paragraphs 13 and 32.

## VI. ACTUAL DAMAGES, FEES, INTEREST, COSTS

17. As a consequence of Defendant Crown's breaches of the parties' Agreement described above, and after allowing all just and lawful offsets and credits, Plaintiff has suffered actual and consequential damages in the amount of $2,012,599.48.

18. Plaintiff is further entitled to an award of its reasonable and necessary attorneys' fees (at trial and on appeal) for services rendered services pursuant to Section 38.001 of the Texas Civil Practice and Remedies Code and the express language of the Agreement.

19. In addition to reimbursement of its attorneys' fees, Plaintiff is entitled to costs of court, pre-judgment interest, and post-judgment interests at the highest rates allowed by law.

## VII. CONDITIONS PRECEDENT

20. All conditions precedent to bringing this cause of action have been performed by Plaintiff or have occurred.

## VIII. PRAYER

Plaintiff prays that Defendant be cited to appear and answer herein, and that the Court grant the following relief to Plaintiff:

a) Actual and consequential damages in an amount of at least $2,012,599.48;

b) Costs of suit, including reasonable attorneys' fees;

c) Pre-judgment and post-judgment interest at the highest rates allowed by law; and

d) Such other and further relief, both at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**ROWLETT HILL COLLINS LLP**

By: ______________________________

**DONALD E. HILL**
State Bar No. 24007364

6060 Central Exp., Suite 500
Dallas, TX 75206
214.800.3492
dhill@rowletthill.com

**ATTORNEYS FOR SANTANDER CONSUMER USA INC.**

| accountid | applicationid | Customer Name | VIN | Contract Date | balancetype | Balance_Amount |
|---|---|---|---|---|---|---|
| 28769534 | 169281864 | RAJESHKUM SAHETIYA | 1C6SRFKP4SN679389 | 07/18/2025 | Fraud Unwind | $98,344.76 |
| 28767251 | 169422992 | VINAYA JAIN | 1C6SRFKP2SN707707 | 07/21/2025 | Fraud Unwind | $98,951.38 |
| 28724524 | 167845595 | PETRO CHERNII | 1C4RJXN66RW194151 | 05/16/2025 | Fraud Unwind | $67,751.60 |
| 28747791 | 169234473 | HAYK ABRAHAMYAN | 1C6SRFLP8SN704955 | 07/11/2025 | Fraud Unwind | $73,486.75 |
| 28743075 | 169234049 | SERGII KOSTIUK | 1C6SRFLP7SN684570 | 07/11/2025 | Fraud Unwind | $73,030.27 |
| 28651004 | 167712409 | SAKAI KOICHIRO | 1C6RREJP7SN680790 | 05/10/2025 | Fraud Unwind | $74,190.11 |
| 28759016 | 169406587 | ARINDAM DAS | 1C6SRFLP0SN684572 | 07/21/2025 | Fraud Unwind | $73,665.88 |
| 28613107 | 167330008 | ALENA SIADACH | 1C4RJXFG4SW561755 | 04/30/2025 | Fraud Unwind | $73,610.83 |
| 28780063 | 169675924 | MASAHIKO TAKEMURA | 1C4PJXDN8SW517007 | 07/26/2025 | Fraud Unwind | $59,165.50 |
| 28830191 | 169768065 | SUKANT KHURANA | 1C6SRFKP8SN726083 | 07/30/2025 | Fraud Unwind | $99,303.90 |
| 28815206 | 169827083 | DHAWAL HARSORA | 1C4SJVBP6SS505027 | 08/02/2025 | Fraud Unwind | $83,885.52 |
| 28650658 | 167659406 | NARINE HAKOBYAN | 1C4RJYB65RC125611 | 05/22/2025 | Fraud Unwind | $68,167.56 |
| 28898232 | 170612255 | MAHESH AMITHA | 2C3CDBDK0SR550711 | 09/11/2025 | Fraud Unwind | $70,318.24 |
| 28788990 | 169423573 | KAROLINA SKVAROVA | 2C3CDBCK2SR543504 | 07/26/2025 | Fraud Unwind | $63,795.77 |
| 28814045 | 170031308 | CATALIN ISTRATE | 1C6SRFHP9SN551639 | 08/10/2025 | Fraud Unwind | $81,042.31 |
| 28805649 | 169995945 | KYLA FUENTES | 1C4PJXFG0SW543521 | 08/10/2025 | Fraud Unwind | $72,748.77 |
| 28749073 | 168282455 | MATHEN THOPPIL | 1C6RREJP0SN680789 | 06/04/2025 | Fraud Unwind | $72,222.60 |
| 28708423 | 168766964 | ANASTASIIA GAVRILINA | 1C6SRFLP7SN708351 | 06/20/2025 | Fraud Unwind | $79,901.53 |
| 28828024 | 170303594 | ELIF SARIARSLAN | 1C6RREFG8SN716057 | 08/21/2025 | Fraud Unwind | $58,250.32 |
| 28758999 | 169406417 | MAKOTO NATSUMEDA | 1C6SRFLPXSN709185 | 07/21/2025 | Fraud Unwind | $80,070.57 |
| 28850850 | 170134014 | VALENTINA PESHKOVA | 1C6RREFP8SN674053 | 08/17/2025 | Fraud Unwind | $62,845.21 |
| 28858351 | 170520439 | BHARATH GOVINDARAJAN | 2C3CDBDK3SR547513 | 08/29/2025 | Fraud Unwind | $85,587.31 |
| 28771894 | 169282985 | VISWANATHAN SUBRAMANYAN | 1C6SRFLP8SN709184 | 07/19/2025 | Fraud Unwind | $80,066.16 |
| 28827835 | 170319435 | MAHESH SUKUMAR | 1C6SRFHP2SN582702 | 08/20/2025 | Fraud Unwind | $84,957.42 |
| 28695397 | 168360096 | TANMAY KUMAR | 1C6SRFLP7SN726249 | 06/04/2025 | Fraud Unwind | $73,102.17 |
| 28787900 | 169716958 | MELIKE YUCE | 1C4SDJGJ0RC219019 | 07/30/2025 | Fraud Unwind | $99,533.06 |
| | | | | | | |
| | TOTAL | | | | | $2,007,995.50 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 25366903 | 133574263 | Martin Perez | 3C6UR5CJ6MG661145 | 07/21/2021 | GAP | $206.48 |
| 25315564 | 133054329 | Bronson Lentini | 1C6SRFLT8MN742329 | 07/07/2021 | GAP | $268.55 |
| 24001197 | 122607185 | JESUSA JENNINGS | ZACNJABB7LPL33623 | 05/31/2020 | GAP | $128.27 |
| 24338882 | 125438453 | ALEJANDRO GARCIA | 3C4NJCBB8LT241606 | 09/10/2020 | GAP | $70.70 |
| 23917432 | 121731423 | JAMIE ALBRENT | 1C4RDHDG9LC301564 | 05/01/2020 | GAP | $108.44 |
| 24143315 | 123199387 | MERCEDES VALENCIA | 1C4PJLDB6KD488455 | 07/03/2020 | GAP | $56.83 |
| 24140222 | 123819879 | Ruben Ayala | 1C4RDHAG7LC228327 | 07/12/2020 | GAP | $30.61 |
| 24064504 | 123170670 | CRISTINA SALAZAR | ZFBHRFAB0K6M07959 | 06/19/2020 | GAP | $19.80 |
| 25464417 | 134491944 | Jack Lamb | 1C6SRFKT6MN657992 | 08/27/2021 | GAP | $196.54 |
| 24019509 | 122720092 | Santos Moreno | 2C3CDXCT2LH154195 | 06/04/2020 | GAP | $27.91 |
| 26998518 | 150059177 | MATTHEW RITTER | 1C6SRFLT7PN583789 | 05/27/2023 | Multi Product | $703.41 |
| 26851992 | 148548780 | ANGELA HARGROVE | 1C4RJJAG9P8795907 | 03/26/2023 | Service Contrac | $361.28 |
| 28007300 | 160262284 | SHAKIRA SANCHEZ | 1C4RJXN69RW200461 | 07/16/2024 | Service Contrac | $1,379.36 |
| 27866335 | 158602372 | AURELIO LUNA GARCIA | 1C6RREFGXRN113525 | 05/12/2024 | Service Contrac | $607.04 |
| 25537381 | 134597442 | PATRICIA SOTO | 1C6RREFMXMN807761 | 08/31/2021 | Warranty | $263.64 |
| 25315564 | 133054329 | Bronson Lentini | 1C6SRFLT8MN742329 | 07/07/2021 | Warranty | $50.20 |
| 26609773 | 145973391 | TAWNY LEIGHTER | 1C4RJYC69N8715600 | 12/07/2022 | Windshield Rep | $71.31 |
| 26756631 | 147207066 | ELINOY SHALEV | 1C4JJXP68PW536495 | 02/10/2023 | Windshield Rep | $53.61 |
| | | | | | | |
| | TOTAL | | | | | 4603.98 |